IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY J. McCLOUD,

       Plaintiff,                        No. CIV S-09-0284 GGH P

    vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

       Defendants.               <u>ORDER</u>

         Plaintiff is evidently a pretrial detainee in Solano County proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). By <u>Order</u> filed March 2, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2 U.S.C. § 1915A(b)(1),(2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9 Cir. 1989); Franklin, 745 F.2d at 1227.

10      A complaint must contain more than a "formulaic recitation of the elements of a
11 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13 "The pleading must contain something more...than...a statement of facts that merely creates a
14 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
15 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
16 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
17 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
18 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
19 that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged."  Id.

21      In reviewing a complaint under this standard, the court must accept as true the
22 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
23 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
24 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
25 1843 (1969).

26 \\\\\

1    The complaint states a colorable claim for relief against defendant Pereda, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), and this court by concurrent Order, has found this defendant appropriate for service as to this claim.

    Plaintiff alleges that Sgt. Sands, Sgt. Cameron and Lt. Marsh, violated plaintiff's due process rights by placing him in administrative segregation at Solano County Jail for ten (10) days without following proper procedure.  Plaintiff claims that Sgt. Cameron conspired with the others to violate his rights by not acting in a timely manner in reviewing plaintiff's grievance regarding the alleged violation of his rights.  Plaintiff accuses Sgt. Sands and Lt. Marsh of approving the conduct and not adequately supervising their employees.

    Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, jail grievance procedures do not create an enforceable substantive right under 42 U.S.C. § 1983.  Flournoy v. Fairman, 897 F.Supp. 350, 354 (N.D.Ill.1995).  See also Low v. Stanton, No. Civ. S-05-2211 MCE DAD P, 2007 WL 2345008, at *3 (E.D. Cal. August 16, 2007); Cooper v. Lassen County Sheriff's Dept., No. Civ. S-07-0080 LKK GGH P, 2007 WL 1101458, at *2 (E.D.Cal. April 12, 2007).

    The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
4  omits to perform an act which he is legally required to do that causes the deprivation of which
5  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6  　　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the
7  actions of their employees under a theory of respondeat superior and, therefore, when a named
8  defendant holds a supervisorial position, the causal link between him and the claimed
9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
11 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
12 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
13 Cir. 1982).

14 　　　　　As to the conspiracy claims, vague and conclusory allegations are not sufficient to
15 support a claim for civil rights violations based on conspiracy.  Ivey v. Board of Regents, 673
16 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
17 Plaintiff must make some showing of an agreement or a meeting of the minds on the part of
18 defendants to violate his constitutional rights.  Woodrum v. Woodward County, 866 F.2d 1121,
19 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).  Conspiracy allegations
20 must be supported by material facts and not be merely conclusory statements.  Lockary v.
21 Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).

22 　　　　　Plaintiff's claims against Sands, Cameron and Marsh are dismissed and plaintiff
23 will be provided leave to file a second amended complaint within thirty days from the date of
24 service of this Order.  Failure to file a second amended complaint will result in these defendants
25 being dismissed from this action.
26 \\\\\

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5    there is some affirmative link or connection between a defendant's actions and the claimed
6    deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
7    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
8    vague and conclusory allegations of official participation in civil rights violations are not
9    sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
12   amended complaint be complete in itself without reference to any prior pleading.  This is
13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16   original complaint, each claim and the involvement of each defendant must be sufficiently
17   alleged.

18   Accordingly, IT IS HEREBY ORDERED that:

19   1. Plaintiff's claims against defendants Sands, Cameron and Marsh are dismissed
20   for the reasons discussed above, with leave to file a second amended complaint within thirty days
21   from the date of service of this Order.  Failure to file a second amended complaint will result in
22   these defendants being dismissed from this action.

23   DATED:August 20, 2009

24                                                                  /s/ Gregory G. Hollows

25                                                                  GREGORY G. HOLLOWS
                                                                    UNITED STATES MAGISTRATE JUDGE
26   ggh: ab - mccl02842.amnd2

5