IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY J. McCLOUD,

        Plaintiff,                     No. CIV S-09-0284 GGH P

       vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.             ORDER

_____/

        Plaintiff moves to reopen this civil rights case pursuant to Fed. R. Civ. P. 60(b). This action is referred to the undersigned by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1). See also, 28 E.D. Cal. L. R. ("Local Rule"), Appx. A, at (k)(1)-(2). For the reasons that follow, plaintiff's motion will be granted.

        On August 20, 2009, this court found that plaintiff's Amended Complaint (Docket 7) stated a cognizable claim against defendant Pereda, and directed plaintiff to submit the requisite documents to effect service upon Pereda by the U.S. Marshal; in addition, the court dismissed defendants Sand, Cameron and Marsh, and granted plaintiff leave to file a second amended complaint (Dockets 10, 11). Plaintiff failed timely to respond to either matter, and the court dismissed this action without prejudice on November 3, 2009. (Docket 13).

1

Thereafter, in response to plaintiff's request that defendant Pereda be referred to as "Pereda Jr." (Docket 12),[1] the court informed plaintiff that if he should "choose to proceed with this action he must file a motion to reopen the case pursuant to Fed. R. Civ. P. 60(b), and the motion must include the proper service forms" (Docket 16, at 2). Nearly contemporaneously, plaintiff moved to reopen this case on the ground that he had timely submitted the requisite documents to prison authorities for mailing (Docket 15). Plaintiff stated that he had lost his receipt and been unable to obtain a certificate of proof from jail officials, but attached copies of the requisite documents dated and signed August 23, 2009.

In response to the court's order, plaintiff filed a second motion to reopen this case, pursuant to Fed. R. Civ. P. 60(b) (Docket 18). Plaintiff stated under penalty of perjury that he had completed all necessary forms on August 23, 2009, and "mailed [them] off through the Solano County Jail's Pro-Per Program" on August 24, 2009. Id., at 2. Plaintiff again attached copies of the requisite service documents. Plaintiff avers that there must have been "an inadvertant mistake in mailing by the Jail or in recieving [sic] by the courts," Docket 18, at 1, and asks the court to infer the same based on the timeliness of plaintiff's other filings in this case, stating that "[t]he plaintiff has been on time with all matters concerning the court and has never purposely delayed the courts proceedings and/or tried to mislead the courts in anyway." Id., at 2.

Rule 60, Federal Rules of Civil Procedure, provides relief from a final judgment, order, or proceeding due, inter alia, to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60 also provides that relief from a final judgment may be granted "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Although the reasons for the delay in the court's receipt of (or failure yet to receive) the service documents remains unclear, plaintiff has demonstrated persistence and consistency in his attempts to pursue this case. In addition, the orders of this court and plaintiff's

---

[1] The undersigned was not aware of this filing until after the dismissal order was docketed.

filings have crossed one another, reasonably resulting in some confusion as to the action required by plaintiff. The court therefore finds good cause to rescind judgment in this case, Fed. R. Civ. P. 60(b)(6), and will order the U.S. Marshal to effect service of the Amended Complaint on defendant Pereda.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to reopen this action (Dockets 15 & 18) are GRANTED;

2. Plaintiff's request for a hearing date on his motions (Docket 19) is DENIED;[2]

3. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the amended complaint,[3] *a consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court for each defendant* and copies of this order to the United States Marshal.

4. Within ten days from the date of this order, the United States Marshal is directed to notify defendant Pereda of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

5. The United States Marshal is directed to retain the sealed summons and a copy of the amended complaint in their file for future use.

6. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

7. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant

---

[2] In general, motions filed in actions wherein one party is incarcerated and proceeding in propria persona are submitted upon the record without oral argument unless otherwise ordered by the court. See Local Rule 230.

[3] If the U.S. Marshal has not yet received plaintiff's original service documents, they shall be copied as necessary from plaintiff's filings (Dockets 15 and 18).

1　　　　　　　　pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

2　　　　　　　　§ 566(c) and shall command all necessary assistance from the California

3　　　　　　　　Department of Corrections and Rehabilitation (CDC) to execute this order.

4　　　　　　　　The United States Marshal shall maintain the confidentiality of all

5　　　　　　　　information provided by the CDC pursuant to this order.

6　　　　　　　　b.  Within ten days after personal service is effected, the United States

7　　　　　　　　Marshal shall file the return of service for the defendant, along with

8　　　　　　　　evidence of any attempts to secure a waiver of service of summons and of

9　　　　　　　　the costs subsequently incurred in effecting service on said defendant.

10　　　　　　　Said costs shall be enumerated on the USM-285 form and shall include the

11　　　　　　　costs incurred by the Marshal's office for photocopying additional copies

12　　　　　　　of the summons and amended complaint and for preparing new USM-285

13　　　　　　　forms, if required.  Costs of service will be taxed against the personally

14　　　　　　　served defendant in accordance with the provisions of Fed. R. Civ. P.

15　　　　　　　4(d)(2).

16　　　　　8. Defendant Pereda shall reply to the Amended Complaint within the time

17　provided by the applicable provisions of Fed. R. Civ. P. 12(a).

18　　　　　9. Unless otherwise ordered, all motions to dismiss, motions for summary

19　judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

20　and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110, shall be

21　briefed pursuant to Local Rule 230(l).  Failure timely to oppose such a motion may be deemed a

22　waiver of opposition to the motion.  Opposition to all other motions need be filed only as

23　directed by the court.

24　　　　　10. If plaintiff is released from prison at any time during the pendency of this

25　case, any party may request application of other provisions of Local Rule 230 in lieu of Local

26　Rule 230(l).  In the absence of a court order granting such a request, the provisions of Local Rule

1 230(l) will govern all motions described in #9 above regardless of plaintiff's custodial status.
2 See Local Rule 102(d).

3     11. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003),
4 plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to
5 exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of
6 the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted
7 claims without prejudice.  The defendant may submit affidavits or declarations under penalty of
8 perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,
9 plaintiff may likewise file declarations under penalty of perjury and admissible documentation.
10 Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
11 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
12 the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve
13 and file one or more affidavits or declarations by other persons who have personal knowledge of
14 relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the
15 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence
16 with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides
17 submit matters outside the pleadings, the court may look beyond the pleadings and decide
18 disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the
19 court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the
20 defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
21 unexhausted claims will be dismissed without prejudice.

22     12. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
23 cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),
24 plaintiff is advised of the following requirements for opposing a motion for summary judgment
25 made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion
26 is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

       13.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

       14.  Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice

1  of change of address must be properly served on other parties.  Pursuant to Local Rule 182(f),
2  service of documents at the record address of a party is fully effective.  Failure to inform the
3  court of a change of address may result in the imposition of sanctions including dismissal of the
4  action.
5         15.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
6  Court.
7         16.  The failure of any party to comply with this order, the Federal Rules of Civil
8  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
9  not limited to, dismissal of the action or entry of default.
10        SO ORDERED.
11  DATED: January 12, 2010

          /s/ Gregory G. Hollows
        United States Magistrate Judge